**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JACOBO GUEVARA CLAROS,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | CIVIL ACTION NO. 3:26-CV-02064<br><br>(MEHALCHICK, J.) |

## **MEMORANDUM**

On July 23, 2026, Petitioner Jacobo Guevara Claros ("Guevara Claros"), a native and citizen of El Salvador, filed this petition for writ of habeas corpus requesting that Respondents Jessica Sage ("Sage"), Markwayne Mullin, David J. Venturella, Michael Rose, and Todd Blanche[1] release him from custody at the Lewisburg Federal Correctional Facility in Lewisburg, Pennsylvania, because the government detained him without a bond hearing in

[1] The proper respondent in this case is Sage, Warden of the Lewisburg Federal Correctional Facility. "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); 28 U.S.C. § 2243 ("[t]he writ, or order to show cause shall be directed to the person having custody of the person detained"); *see Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021) ("if a § 2241 petitioner does not adhere to the immediate custodian rule, then the district court lacks jurisdiction to entertain the petition"). As Guevara Claros is detained at the Lewisburg Federal Correctional Facility, Sage is the proper respondent. (Doc. 1, at 3); *see Rumsfeld*, 542 U.S. at 434. As such, the other Respondents are **DISMISSED**. However, the government will be bound by the Court's judgment because Sage is acting as an agent of the federal government by detaining Guevara Claros on behalf of Immigration and Customs Enforcement ("ICE"). *See Madera v. Decker*, 18 Civ. 7314, 2018 WL 10602037, at *9-*10 (S.D.N.Y. Sep. 28, 2018) (finding the warden acts as an agent of the ICE regional director when ICE makes initial custody determinations including setting of a bond and review of conditions of release); *Santana-Rivas v. Warden of Clinton Cnty. Corr. Facility*, 3:25-cv-01896, 2025 WL 3522932, at *8 (M.D. Pa. Nov. 13, 2025), *adopted in part, rejected in part*, 2025 WL 3513152 (M.D. Pa. Dec. 8, 2025) (finding same).

violation of 8 U.S.C. § 1226(a). (Doc. 1, at 15-16). For the following reasons, Guevara Claros's petition (Doc. 1) is **GRANTED**, and Sage is **ORDERED** to immediately release Guevara Claros from custody.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following background is derived from Guevara Claros's petition, Sage's response, Guevara Claros's traverse, and the exhibits thereto. (Doc. 1; Doc. 4; Doc. 7). Guevara Claros a native of El Slavador who entered the United States around 1997, voluntarily returned to Mexico on July 3, 2000, and returned to the United States around 2001. (Doc. 1, at 12; Doc. 4-1, at 2). On August 23, 2001, the government granted Guevara Claros temporary protected status and released him into the country. (Doc. 4-1, at 2). Between 2023 and 2026, New Jersey prosecutors charged Guevara Claros with various criminal offenses, however, New Jersey prosecutors dropped or downgraded the majority of these offenses; the pending charges are for simple assault and possession of drug paraphernalia. (Doc. 4-3, at 5, 12). ICE detained Guevara on June 22, 2026, and subjected him to mandatory detention pursuant to 8 U.S.C. 1226(c) or, alternatively, 8 U.S.C. 1225(b)(2). (Doc. 4, at 4-5, 7),

## II. LEGAL STANDARD

The district courts' power to grant the writ of habeas corpus is governred by 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 2241(b), the writ of habeas corpus extends to petitioners "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." Claims where non-citizens challenge immigration enforcement-related detention "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022)). "For 'core habeas petitions,'

'jurisdiction lies in only one district: the district of confinement.'" *J. G. G.*, 604 U.S. at 672. While reviewing a noncitizen's habeas petition, courts evaluate whether the government complied with regulatory, statutory, and constitutional protections for noncitizens. *See Martinez v. McAleenan*, 385 F. Supp. 3d 349 (S.D.N.Y. 2019) (finding ICE failed to comply with regulatory and constitutional notice requirements prior to detaining a non-citizen petitioner and granting the petitioner's habeas petition). A court may order a bond hearing or release if the Court determines that a noncitizen habeas petitioner is entitled to such relief under relevant constitutional or statutory protections. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 827 (W.D. Pa. 2025) (finding that a noncitizen habeas petitioner was entitled to a bond hearing under the due process clause of the Fifth Amendment); *see also Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *2 (E.D. Pa. Nov. 13, 2025) (finding a habeas petitioner was entitled to a bond hearing under relevant statutory protections); *see also Kashranov v. Jamison*, No. 2:25-CV-05555, 2025 WL 3188399, at *8 (E.D. Pa. Nov. 14, 2025) (finding that the appropriate remedy when the government detains a petitioner under an inapplicable statute, violating due process, is release from custody).

## III. JURISDICTION

"[F]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). 28 U.S.C. § 2241 empowers federal courts to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Earlier this year, in *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026), the

Third Circuit determined that the Immigration and Nationality Act ("INA") strips district courts of subject-matter jurisdiction to hear claims arising from removal actions or proceedings, when the claims could be addressed on a petition for review of a final order of removal ("PFR"). However, the Third Circuit clarified that district courts retain jurisdiction over habeas petitions presenting "now or never" questions of law, that cannot be meaningfully reviewed later on a PFR. *Kahlil*, 164 F.4th at 273-74.

Habeas actions based on whether a petitioner is entitled to a bond hearing are "now or never" legal questions that remain in the jurisdiction of district courts. *See Kahlil*, 164 F.4th at 274-77; *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (finding 8 U.S.C. § 1252(b)(9) does not present a jurisdictional bar to challenges unrelated to review of an order of removal, the government's decision to detain in the first place, and the process by which removability will be determined). A determination of whether § 1225(b), § 1226(a), or § 1226(c) applies to a petitioner also determines whether that petitioner is entitled to a bond hearing. *See Matter of Yajure Correa*, 29 I. & N. Dec. 126 (BIA 2025) (holding immigration judges lack authority to hear bond requests for noncitizens detained under § 1225(b)); *see Kashranov*, 2025 WL 3188399 at *5 (citing § 1226(a)) (finding § 1226(a) allows for detainees to be released on conditional parole or bond). Such claims do not arise from removal proceedings, they arise "now." If left to be raised on a PFR, the petitioner will never get the opportunity for an immigration judge to determine their eligibility for bond during removal proceedings. *See Kahlil*, 164 F.4th at 274-77 ("when [noncitizens] raise claims that courts cannot 'meaningfully' review through the PFR process, those claims do not 'aris[e] from' the 'action[s] taken' or 'proceeding[s] brought' to remove them"). Thus, the Court retains jurisdiction because the legal questions of whether § 1225(b), § 1226(a), or § 1226(c) applies

to Guevara Claros and whether Guevara Claros is entitled to a bond hearing are wholly collateral to his removal proceedings and cannot be meaningfully reviewed on a PFR. *Jennings*, 583 U.S. at 294; *Kahlil*, 164 F.4th at 274-79.

## IV. DISCUSSION

Guevara Claros avers that as an individual residing in the United States for an extended period of time, he may only be detained under 8 U.S.C. § 1226(a) and further, that the government violated the INA by subjecting him to mandatory detention without the possibility of a bond hearing. (Doc. 1, at 15-16). Guevara Claros also submits that his mandatory detention violates his procedural due process rights under the Fifth Amendment. (Doc. 1, at 16). Sage contends that Guevara Claros is subject to mandatory detention under 8 U.S.C 1226(c) as modified by the Laken Riley Act and under that provision, he is not eligible for release on bond. (Doc. 4, at 5-7). In the alternative, Sage argues that Guevara Claros is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (Doc. 4, at 7-24). Sage further posits that because Guevara Claros's detention without a bond hearing is authorized by the INA, his mandatory detention does not violate due process. (Doc. 4, at 24-28).

### A. SECTION 1226(C) DOES NOT APPLY TO GUEVARA CLAROS

Sage avers that Guevara Claros is subject to mandatory detention under 8 U.S.C. § 1226(c), as amended by the Laken Riley Act, because New Jersey prosecutors charged him with various offenses, including violent offenses, between 2023 and 2026. (Doc. 4, at 5-7). Notably, New Jersey prosecutors dropped or downgraded most charges against Guevara Claros and the only remaining pending charges are charges for simple assault and for possession of drug paraphernalia. (Doc. 4-3, at 5-12). Sage, without citation to any caselaw, argues that the Laken Riley Act modified § 1226(c) to allow the government to subject

noncitizens to mandatory detention based on qualifying criminal charges even if those charges are dismissed or downgraded. (Doc. 4, at 6). The Court rejects this argument and finds that none of Guevara Claros's pending charges subject him to mandatory detention.

Section 1226(c), as modified by the Laken Riley Act, allows the government to subject a noncitizen to mandatory detention if that noncitizen "*is* charged with . . . acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added). "A statute's use of the present-tense verb 'is' generally includes the future as well as the present. The word 'was' refers to the past." *Cardenas v. Att'y Gen. United States*, 171 F.4th 634, 639 (3d Cir. 2026). Section 1226(c)(1)(E)(ii) uses the present-tense phrase "is charged," not the past-tense phrase "was charged." 8 U.S.C. § 1226(c)(1)(E)(ii). Thus § 1226(c)(1)(E)(ii) only applies to noncitizens currently charged with certain offenses, not noncitizens who have had charges against them dropped or downgraded. *See Veliz-Pina v. Semaia*, No. 5:26-CV-02338, 2026 WL 1340207, at *2 (C.D. Cal. May 13, 2026) (finding that 8 U.S.C. § 1226(c)(1)(E)(ii)'s use of the present tense phrase "is charged" means that an individual whose charges are dropped is not subject to mandatory detention); *see also Gabriel Antonio Colli-Briceno, Petitioner, v. David R Rivas, et al., Respondents.*, No. CV-26-02284-, 2026 WL 2191447, at *2 (D. Ariz. July 29, 2026) (same); *see alsoRueda Torres v. Francis*, No. 25 CIV. 8408, 2025 WL 3168759, at *5 (S.D.N.Y. Nov. 13, 2025) (same). As such, the Court rejects Sage's argument that the government may subject Guevara Claros to mandatory detention based on dismissed or downgraded charges and will only consider his remaining charges.

Guevara Claros currently has pending charges for simple assault and for possession of drug paraphernalia. (Doc. 4-3, at 5, 12). Section 1226(c) only implicates charges which "constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person" and does not list possession of drug paraphernalia as a qualifying charge. 8 U.S.C.A. § 1226 (c)(1)(E)(ii). Guevara Claros's only potentially qualifying charge is his New Jersey simple assault charge. (Doc. 4-3, at 5). The Court finds that § 1226(c)(1)(E)(ii) does not apply to simple assault as defined by New Jersey law.[2]

Under New Jersey law, a defendant is charged with "simple assault" where the defendant purposefully causes "bodily injury." N.J. Stat. Ann. § 2C:12-1(a)(1). A defendant is charged with "aggravated assault" where the defendant purposefully causes "serious bodily injury" or injuries to a law enforcement officer. N.J. Stat. Ann. § 2C:12-1(b)(1), (5). Section 1226(c)(1)(E)(ii), as related to assault charges, only applies to "assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(ii). Thus, because Guevara Claros is charged with simple assault, and not aggravated assault, he is not subject to mandatory detention under 8 U.S.C.A. § 1226(c)(1)(E)(ii). (Doc. 4-3, at 12); *see also Flores v. Oddo*, No. 3:26-CV-120, 2026 WL 1993173, at *3 (W.D. Pa. July 10, 2026) (finding that a noncitizen charged with New Jersey simple assault is not subject to mandatory detention). Accordingly, the Court must address the Sage's

[2] Guevara Claros asks the Court to analyze whether the Laken Riley Act applies retroactively because New Jersey prosecutors charged him with simple assault before the Laken Riley Act became law. (Doc. 7, at 2-4). The Court declines to do so; for the reasons discussed above, 8 U.S.C. 1226(c), as modified by the Laken Riley Act, plainly does not apply to New Jersey simple assault charges. *See United States v. Credico*, No. 14-CR-0118-1, 2026 WL 1862555, at *4 (E.D. Pa. June 29, 2026) (declining to address retroactivity where retroactivity would not change the outcome of a matter).

alternative argument that the government may subject Guevara Claros to mandatory detention under 8 U.S.C. § 1226(b)(2).

B. Sage Improperly Detained Guevara Claros Under 8 U.S.C. 1225(b)(2).

Sage improperly detained Guevara Claros under 8 U.S.C. § 1225(b)(2), when Sage should have detained Guevara Claros under 8 U.S.C. § 1226(a). (Doc. 4, at 2, 4) (stating Guevara Claros is alternatively detained under § 1225(b)(2)). The INA is a comprehensive statute regulating immigration, which Congress has repeatedly reworked since its enactment in 1952. *Kashranov*, 2025 WL 3188399, at *1. Before 1996, the INA provided that noncitizens who presented themselves at ports of entry were subject to mandatory detention during exclusion proceedings, while noncitizens who evaded inspection by entering elsewhere were afforded the opportunity to obtain release during deportation proceedings. *Matter of Yajure Correa*, 29 I. & N. Dec. 216, 222-223 (BIA 2025) (citing 8 U.S.C. §§ 1225(a); 1251 (1994)). In 1996, the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") amended the INA to include § 1225 and § 1226, in part, to end the preferential treatment of noncitizens who evaded inspection when entering the United States. OMNIBUS CONSOLIDATED APPROPRIATIONS ACT, 1997, PL 104–208, September 30, 1996, 110 Stat 3009; H.R. Rep. No. 104-469, at 225 (1996); *see Correa*, 29 I. & N. Dec. at 223. With the IIRIRA, Congress eliminated separate exclusion and deportation hearings and combined them into a single removal proceeding, regardless of where the noncitizen entered the United States. 8 U.S.C. § 1229a. Since 1996, only noncitizens who are admitted are subject to deportation, while noncitizens who have never been formally admitted are deemed inadmissible. 8 U.S.C. § 1182(a).

Pursuant to section 1225(b)(1) of the IIRIRA, when a noncitizen enters the United States at a designated port of entry or immigration authorities encounter a noncitizen "within 14 days of entry without inspection and within 100 air miles of any U.S. international land border," the noncitizen is considered an "arriving alien" and is generally subject to expedited removal, unless they indicate an intention to apply for asylum. 8 U.S.C. § 1225(b)(1)(A); *Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 425 (3d Cir. 2016). If the asylum officer finds a noncitizen's asserted fear of persecution to be credible, the noncitizen's asylum claim will be fully considered in a standard removal hearing. 8 C.F.R. § 208.30(f); 8 U.S.C. § 1225(b)(1)(B)(ii). Such a noncitizen is subject to detention while an immigration judge considers their asylum application; however, DHS may grant such a noncitizen parole into the United States for humanitarian purposes under 8 U.S.C. § 1182(d)(5). 8 U.S.C. § 1225(b)(1)(B)(ii); 8 U.S.C. § 1182(d)(5). However, Sage avers that Guevara Claros is subject to mandatory detention and expedited removal under § 1225(b)(2), not § 1225(b)(1). (Doc. 4, at 7).

Section 1225(b)(2) of the INA is a catchall provision that applies to applicants for admission not otherwise covered by § 1225(b)(1). *Jennings*, 583 U.S. at 287. Section 1225(b)(2)(A) of the INA provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained [pending removal hearings]." Pursuant to this provision, noncitizens are subject to mandatory detention while their removal proceedings are pending, but they may be released "for urgent humanitarian reasons or significant public benefit." *Jennings*, 583 U.S. at 288 (citing § 1182(d)(5)(A)); *Kashranov*, 2025 WL 3188399, at *1. To trigger § 1225(b)(2)(A), an examining

immigration officer must determine that an individual is (1) an applicant for admission, (2) seeking admission, and (3) not clearly and beyond a doubt entitled to be admitted. *Martinez v. Hyde*, 792 F. Supp. 3d, 211, 214 (D. Mass. July 24, 2025); *Kashranov,* 2025 WL 3188399, at *6. Section 1225(b)(2)(A) applies only to a noncitizen who is both an "applicant for admission" and "seeking admission." *Kashranov*, 2025 WL 3188399, at *6; *Soto*, 807 F. Supp. 3d at 408 (collecting cases).

The INA defines an applicant for admission as a noncitizen who is "present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1); *Jennings*, 583 U.S. at 286. The phrase "alien seeking admission" is not defined in § 1225, so the Court must construe the phrase based upon its ordinary meaning and statutory context. *See Kashranov*, 2025 WL 3188399, at *6; *see also J.A.M. v. Streeval*, No. 4:25-cv-34 2, 2025 WL 3050094, at *5 (M.D. Ga. Nov. 1, 2025). District courts in the Third Circuit and across the country have found that "seeking admission" describes active and ongoing conduct, such as physically attempting to come into the United States at a border or port of entry. *Kashranov*, 2025 WL 3188399, at *6; *Del Cid v. Bondi*, No 3:25-cv-00304, 2025 WL 2985150, at *16 n. 7 (W.D. Pa. Oct. 23, 2025); *J.A.M.*, 2025 WL 3050094, at *3; *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779, at *6 (N.D. Ill. Oct. 16, 2025); *see Cantu-Cortes*, 2025 WL 3171639, at *2 (quoting *Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL2676082, at *13 (D. Nev. Sept. 17, 2025)) (finding a noncitizen who has already been residing in the United States cannot be characterized as "seeking entry" consistent with the ordinary meaning of that phrase). This reading comports with the Supreme Court's finding in *Jennings v. Rodriguez*, 583 U.S. 281, 285 (2018), that § 1225(b) "applies primarily to aliens seeking entry into the United States," those who are "seeking admission into the country." *See Soto*, 807 F.

Supp. 3d at 407. This reading also preserves a distinction between "seeking admission" and the separate term "applicant for admission," ensuring that each phrase carries independent meaning. *Kashranov*, 2025 WL 3188399, at *6.

Section 1226 of the INA applies to noncitizens who are not seeking admission but are already present in the United States. *Jennings*, 583 U.S. at 288-89. Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The Attorney General may release a noncitizen on bond or conditional parole. 8 U.S.C. § 1226(a)(2). Pursuant to § 1226(a), "[i]mmigration authorities make an initial custody determination, after which the noncitizen may request a bond hearing before an immigration judge." *Kashranov*, 2025 WL 3188399, at *1 (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)). At their bond hearing, a noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397-98 (2019); *see Kashranov*, 2025 WL 3188399, at *1.

On July 8, 2025, ICE and the Department of Justice announced a new practice, in which all applicants for admission, regardless of when the noncitizens were apprehended, are now subject to the mandatory detention provision of § 1225(b)(2)(A). Interim Guidance Regarding Detention Authority for Applicants for Admission, https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last visited Aug. 19, 2026). On September 5, 2025, the BIA adopted the DOJ's new position, holding that immigration judges have no authority to consider bond requests for any person who entered the United States without admission, finding all applicants for admission are subject to detention under § 1225(b)(2)(A) and are

ineligible for release on bond. *Matter of Yajure Correa*, 29 I. &N. Dec. 216 (BIA 2025). Several district courts across the country, including courts in the Third Circuit, reject this new policy and the application of § 1225(b)(2)(A) to noncitizens who have been residing in the United States for a period of time before they are detained by ICE pending removal proceedings. *Cantu-Cortes*, 2025 WL 3171639, at *2 (finding that § 1226(a), not § 1225(b)(2)(A), is applicable to a petitioner who resided in the United States for approximately 25 years before ICE detained him); *Kashranov,* 2025 WL 3188399, at *1 (finding "mandatory detention" only applies for aliens who are "seeking admission," and petitioner who lived in the United States for almost two years was not seeking admission but was "already here"); *Del Cid v. Bondi*, 2025 WL 2985150 at *14-17 (finding noncitizens who had been in the United States for over two years when arrested are subject to § 1226(a) not § 1225); *Soto,* 807 F. Supp. 3d at 408 (collecting cases). The Second, Seventh, and Eleventh Circuit Courts of Appeals have similarly found that § 1226 and not § 1225(b)(2)(A) applies to noncitizens detained after residing in the country for an extended period of time.[3] *See Barbosa da Cunha v. Freden*, 175 F.4th 61, 91 (2d Cir. 2026); *see also Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 856 (7th Cir. 2026); *see also Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026).

Section 1226(a), not § 1225(b)(2), applies to Guevara Claros's detention. Guevara Claros should have been detained under § 1226(a) because he was arrested by immigration officers and detained after he had been in the United States for at least twenty-five years. (Doc.

---

[3] The Court acknowledges that the Fifth Circuit and Eighth Circuit recently issued decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) respectively, both holding that under the INA an "applicant for admission" is necessarily someone who is "seeking admission." However, *Buenrostro-Mendez* and *Avila* are not binding on the Court.

4-1, at 2); *see* 8 U.S.C. § 1226(a) (stating "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained"); *see also Jennings*, 583 U.S. at 289 ("U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2) . . . [and] to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)"); *see also Soto*, 807 F. Supp. 3d at 403. Section 1225(b)(2) does not apply to Guevara Claros because Guevara Claros is not seeking admission into the United States, and Section 1225(b)(2) applies to noncitizens who are applicants for admission *and* are seeking admission to the United States. *See Martinez*, 792 F. Supp. 3d at 214; *see Kashranov*, 2025 WL 3188399, at *6; *see also Soto*, 807 F. Supp. 3d, at 408. Guevara Claros is not actively attempting to come into the United States. Guevara Claros has lived in the United States since he reentered the country around 2001. (Doc. 4-1, at 2). Based on the plain meaning of the phrase "seeking admission," Guevara Claros sought admission when he reentered the United States around 2001 (Doc. 4-1, at 2). Instead, § 1226(a) applies to applicants for admission, like Guevara Claros, who are not actively seeking admission but who have been residing in the United States for an extended period. *See e.g. Kashranov*, 2025 WL 3188399, at *1 (finding "mandatory detention only applies for aliens who are 'seeking admission,'" and petitioner who lived in the United States for almost two years was not seeking admission but "already here"). Accordingly, Sage improperly detained Guevara Claros under § 1225(b), when he should have been detained under § 1226(a).

C. <u>Sage Violated Guevara Claros's Due Process Rights By Improperly Subjecting Him to Mandatory Detention.</u>

Sage's continued mandatory detention of Guevara Claros under § 1226(c) and § 1225(b)(2) violates Guevara Claros's procedural due process rights. The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property without due process of

law." U.S. Const. amend. V. The Due Process Clause of the Fifth Amendment "applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether a government action violates due process, courts apply the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). The *Mathews* balancing test weighs: (1) the private interest implicated by the government action; (2) the risk of an erroneous deprivation and the probable value of additional safeguards; and (3) the government's interest, including administrative burdens of additional procedures. *Mathews*, 424 U.S. at 334.

The first factor, private interest implicated by the government action, weighs heavily in Guevara Claros's favor because Sage has deprived Guevara Claros of his physical liberty through improper detention without the possibility of bond under § 1226(c) and § 1225(b). *Hamdi v. Rumsfield*, 542 U.S. 507, 529 (2004) ("[T]he most elemental of liberty interests [is] the interest in being free from physical detention by [the] government."); *Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment-from government custody, detention, or forms, of physical restraint-lies at the heart of the liberty [the Due Process Clause] protects"); *Soto*, 807 F. Supp. 3d at 409. The second factor, risk of erroneous deprivation and probable value of additional safeguards, also weighs heavily in Guevara Claros's favor because Guevara Claros remains erroneously detained without the possibility of release on bond pursuant to § 1226(c) and § 1225(b). *See Soto*, 807 F. Supp. 3d at 409 (citing *Barrios v. Shepley*, No. 1:25-cv-00406, 2025 WL 2772579, at *11 (D. Me. Sept. 29, 2025)); *see also Zumba v. Bondi*, No. 25-cv-14626, 2025 WL 2753496, at *10 (D.N.J. Sept. 26, 2025)) (finding the second *Mathews* factor weighs in petitioner's favor when subject to erroneous detention without a showing from the government that petitioner presented a public safety or flight risk); *see also Kashranov*, 2025

WL 3188399, at *5 (finding the lack of any individualized assessment creates a high risk of error). The third *Mathews* factor, the government's interest, also weighs in Guevara Claros's favor. Generally, the government's interest in detaining noncitizens is to ensure the appearance of noncitizens at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690; *Soto*, 807 F. Supp. 3d at 409-10. Here, the record suggests that Guevara Claros does not pose a flight risk or a danger to the community because he has complied with ICE's directives regarding his temporary protective status, he has no criminal convictions, and a New Jersey state court judge found that he was suitable for release from custody. (Doc. 4, at 4; Doc. 4-2, at 2-3). As each *Mathews* factor weighs in Guevara Claros's favor, Sage's mandatory detention of Guevara Claros under § 1226(c) and § 1225(b)(2) violates Guevara Claros's procedural due process rights.

## V. CONCLUSION

For the foregoing reasons, Guevara Claros's petition for writ of habeas corpus is **GRANTED**. (Doc. 1). Sage is **ORDERED** to immediately release Guevara Claros from custody. The government is also permanently enjoined from re-detaining Guevara Claros under § 1226(c)[4] or § 1225(b). Guevara Claros may move to reopen this matter if the government seeks to detain him under § 1226(a) and fails to schedule a timely bond hearing. The Clerk of Court is directed to close this matter. An appropriate Order follows.

**BY THE COURT:**

**Dated: August 19, 2026**

/s/ Karoline Mehalchick
**KAROLINE MEHALCHICK**
**United States District Judge**

[4] The Court's prohibition on the government re-detaining Guevara Claros under § 1226(c) is based on his current lack of qualifying charges. Additional qualifying charges may subject him to § 1226(c) detention.